**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| ANTHONY SEREDUCK, | Cause No. CV-05-168-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| EDUARDO GUTIERREZ-FALLA, EDWARD J. CORRIGAN, TED O. LYMPUS, | |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff Anthony Sereduck's Complaint filed pursuant to 42 U.S.C. § 1983.

**I.   PRELIMINARY SCREENING OF THE COMPLAINT**

Pursuant to the federal statute governing prisoner litigation, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915A. The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122,

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

## II.  PARTIES

Plaintiff is a pro se litigant proceeding *in forma pauperis*. He is currently incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are Eduardo Gutierrez-Falla (Plaintiff's public defender), Prosecutor Edward J. Corrigan, and Judge Ted O. Lympus.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his constitutional rights were violated with regards to his 1996 conviction and sentence for theft. He alleges that his public defender, Ed Falla, failed to investigate the charges against him and persuaded him to plea guilty and accept a sentence that was excessive, thus denying him

his Sixth Amendment constitutional right to effective assistance of counsel and his Fourteenth Amendment right to due process of law.

Plaintiff alleges that Defendant Corrigan, the prosecutor in his criminal case, violated his Fourteenth Amendment right to due process of law when he brought an information against him without jurisdiction, maliciously prosecuted him, proposed a plea agreement that was excessive and allowed the trial court to proceed on that agreement.

Finally, Plaintiff contends that Judge Lympus violated his due process rights when he allowed Plaintiff to plea guilty to a sentence that was excessive, sentenced him excessively and imposed a sentence of restitution without proper authority.

Plaintiff is seeking $2,800,000.00 in compensatory and punitive damages.

**IV.   ANALYSIS**

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement. Id.  Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 3

officials, but they differ in their scope and operation." Heck v. Humphrey, 512 U.S. 477, 480 (1994). In Heck, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487 (emphasis added). In such a case, a prisoner's sole federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. 475.

Plaintiff's claims regarding the actions of the Judge, prosecutor and his criminal defense attorney involved in his criminal case are not proper under 42 U.S.C. § 1983 unless or until Plaintiff can demonstrate that his conviction and/or sentence has been invalidated.

Based upon an opinion of the Montana Supreme Court dated February 15, 2006 regarding Plaintiff's attempts to withdraw his guilty plea to the charges at issue herein, it is clear that Plaintiff has not yet been unable to invalidate his sentence or conviction. Sereduck v. State, 2006 Mont. LEXIS 122 (decided February 15, 2006).

A judgment in this civil rights case in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's conviction.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 4

Accordingly, the Court should dismiss this case because Plaintiff's sole federal remedy is his federal writ of habeas corpus.

The Court notes that unless Plaintiff is able to invalidate his conviction, any claims regarding his guilty plea and sentence would be subject to dismissal for failure to file within the applicable statute of limitations, which at the most is three years.  See Mont. Code Ann. §27-2-204(1) and (3); Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).  Plaintiff's allegations all have to do with his criminal charges to which he plead guilty in February, 1996.  Plaintiff did not file this Complaint until almost ten years later on October 7, 2005.[1]

In addition, Defendants Corrigan and Lympus would be entitled to immunity.  Judge Lympus would be entitled to judicial immunity.  Judges are absolutely immune from liability for their judicial acts.  Butz v. Economou, 438 U.S. 478 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "Few doctrines were more solidly established at common law than the immunity of judges

---

[1] Should Plaintiff be able to invalidate his conviction, the statute of limitations would run from the date his conviction is overturned or otherwise invalidated.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 5

from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554 (1967). The claims against Judge Lympus all involve his acts done within his judicial jurisdiction. Accordingly, Judge Lympus would be entitled to judicial immunity.

Similarly, Defendant Corrigan would be entitled to prosecutorial immunity. A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The allegations against Defendant Corrigan clearly involve acts which were intimately associated with the judicial phase of the criminal process.

Based upon the foregoing, the Court makes the following:

### RECOMMENDATION

Plaintiff's Complaint (Dkt. # 1) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. As such, this dismissal should count as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon

Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

DATED this 24th day of May, 2006.

>            /s/ Leif B. Erickson
> Leif B. Erickson
> United States Magistrate Judge